Leonora M. Schloss (SBN 145142)
Janet Hur (SBN 302781)
**JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408
Telephone:   (213) 689-0404
Facsimile:    (213) 689-0430
leonora.schloss@jacksonlewis.com
janet.hur@jacksonlewis.com

Attorneys for Defendant
BERGEN SHIPPERS CORP.

THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGINA SAGRERO, an Individual,<br><br>   Plaintiff,<br><br> vs.<br><br>BERGEN SHIPPERS CORP., a New Jersey corporation; CRYSTAL DOE, an Individual; CHRISTIAN DOE, an Individual, and DOES 1 THROUGH 25, Inclusive.<br><br>   Defendants. | **CASE NO.:**<br><br>[Los Angeles Superior Court Case No. 22NWCV00428]<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1441**<br><br>*[Filed Concurrently with Civil Case Cover Sheet; Declaration of Janet J. Hur and Exhibits Related Thereto; Declaration of Marjorie Ramos; Corporate Disclosure Statement; Certification and Notice of Interested Parties]*<br><br>Complaint Filed: June 1, 2022 |

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**
2  **CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF GEORGINA**
3  **SAGRERO AND HER COUNSEL OF RECORD HEREIN**:

4  PLEASE TAKE NOTICE that Defendant Bergen Shippers Corp. ("Bergen") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332, 1441(a) and 1441(b) and removes the above-entitled action to this Court from the Superior Court of the State of California in and for the County of Los Angeles.

Respectfully submitted,

Dated:  July 1, 2022      JACKSON LEWIS P.C.

By:  /s/ Janet Hur
     Leonora M. Schloss
     Janet J. Hur

Attorneys for Defendant
BERGEN SHIPPERS CORP.

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................... 6

II. VENUE AND STATEMENT OF JURISDICTION ................................... 6

III. SERVICE ON THE STATE COURT ......................................................... 7

IV. DIVERSITY OF CITIZENSHIP ................................................................. 7

   A. Complete Diversity of Citizenship Exists ......................................... 7

V. AMOUNT IN CONTROVERSY ................................................................. 9

VI. NO ADMISSION ......................................................................................... 12

VII. CONCLUSION AND REQUESTED RELIEF ........................................ 13

<I>

# TABLE OF AUTHORITIES

**Federal Cases**

*Dart Cherokee Basin Operating Co., LLC v. Ownes*
(2014) 574 U.S. 81 .................................................................................................. 9

*Dept. Emp't & Housing v. Smitty's Coffee Shop, FEHC*
(1984) Precedent Decision No. 84-25 .................................................................. 11

*Fritsch v. Swift Transportation Co. of Arizona, LLC*
(9th Cir. 2018) 899 F.3d 785 ................................................................................ 13

*Galt G/S v. JSS Scandinavia*
(9th Cir. 1998) 142 F.3d 1150 .............................................................................. 13

*Gibson v. Chrysler Corp.*
(9th Cir. 2001) 261 F.3d 927 ................................................................................ 12

*Hertz Corp. v. Friend*
(2010) 559 U.S. 77 ................................................................................................ 9

*Kanter v. Warner–Lambert Co.*
(9th Cir. 2001) 265 F.3d 853 .................................................................................. 8

*Kantor v. Wellesley Galleries, Ltd.*
(9th Cir. 1983) 704 F.2d 1088 ................................................................................ 8

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*
(C.D. Cal. 2002) 199 F.Supp.2d 993 .................................................................... 10

*Kroske v. U.S. Bank Corp.*
(9th Cir. 2005) 432 F.3d 976 ......................................................................... 10, 12

*LeBlanc v. Cleveland*
(2nd Cir. 2001) 248 F.3d 95 ................................................................................... 8

*Lundquist v. Precision Valley Aviation, Inc.*
(1st Cir. 1991) 946 F.2d 8 ...................................................................................... 8

*Lowdermilk v. U.S. Bank Nat'l Assoc.*
(9th Cir. 2005) 479 F.3d 994 ................................................................................ 13

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*
(1999) 526 U.S. 344 ............................................................................................... 7

*Pollard v. E.I. du Pont de Nemours & Co.*
(2001) 532 U.S. 843 ............................................................................................. 11

*Rippee v. Boston Market Corp.*
(S.D. Cal. 2005) 408 F.Supp.2d 982 .................................................................... 10

*Sanchez v. Monumental Life Ins. Co.*
(9th Cir. 1996) 102 F.3d 398 ................................................................................ 10

*Scherer v. Equitable Life Assurance Soc'y of the U.S.*
(2nd Cir. 2003) 347 F.3d 394 .................................................................................. 10

*Singer v. State Farm Mutual Auto Ins. Co.*
(9th Cir. 1997) 116 F.3d 373 .................................................................................. 10

*Velez v. Roche*
(N.D. Cal. 2004) 335 F.Supp.2d 1022 .................................................................... 12

**State Cases**

*Wise v. Southern Pac. Co.*
(1970) 1 Cal.3rd 600 ............................................................................................... 11

*Wysinger v. Auto. Club of S. Cal.*
(2007) 157 Cal.App.4th 413 ................................................................................... 13

**Federal Statutes**

28 U.S.C. § 1332 ............................................................................................. 6, 9, 13, 14

28 U.S.C. § 1332(c)(1) .............................................................................................. 9

28 U.S.C. § 1391 ....................................................................................................... 6

28 U.S.C. § 1441(a) ......................................................................................... 6, 9, 14

28 U.S.C. § 1441(b) ............................................................................................ 9, 14

28 U.S.C. § 1446(a) ................................................................................................ 14

28 U.S.C. § 1446(b) .............................................................................................. 6, 8

28 U.S.C. § 1446(d) ................................................................................................. 8

28 U.S.C. § 84(b) ...................................................................................................... 6

**State Statutes**

California Civil Code § 3294 ................................................................................. 11

California Labor Code § 1102.5(f) ......................................................................... 13

California Labor Code § 2802 ......................................................................... passim

California Labor Code § 558.1 ............................................................................... 11

California Labor Code §§ 201-203 .................................................................. passim

Califrnia Labor Code § 558.1 ................................................................................. 11

## I. INTRODUCTION

Defendant Bergen Shippers Corp. ("Bergen") removes this case to this Court based on diversity jurisdiction. The amount in controversy, as explicitly alleged in Plaintiff Georgina Sagrero's ("Plaintiff") Complaint, far exceeds $75,000.00. Plaintiff, a citizen of California, and Bergen, her former employer and a citizen of New Jersey, are citizens of different states.

## II. VENUE AND STATEMENT OF JURISDICTION

1. This action was filed in the Superior Court of the State of California in Los Angeles. Therefore, venue properly lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 84(b), 1391 and 1441(a).

2. This Court has original jurisdiction over this action under the diversity of citizenship statute. *See* 28 U.S.C. § 1332. The diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

3. On June 1, 2022 Plaintiff filed a civil complaint against Bergen in the Superior Court of the State of California in Los Angeles entitled *Georgina Sagrero v. Bergen Shippers Corp.,* Case No. 22NWCV00428 ("Complaint"). Plaintiff's Complaint sets forth twelve causes of action: (a) disability discrimination and harassment; (b) sexual harassment; (c) failure to prevent discrimination and harassment; (d) failure to correct and remedy discrimination and harassment; (e) retaliation for complaints of discrimination and harassment; (f) failure to accommodate disability; (g) failure to engage in the interactive process of accommodation; (h) hostile working environment; (i) violation of whistle-blowing law; (j) wrongful termination; (k) intentional infliction of emotional distress; and (l) negligent infliction of emotional distress. (Declaration of Janet J. Hur ("Hur Decl."), ¶ 2 and Exhibit **A** attached thereto.)

4. A true and correct copy of Plaintiff's Complaint (including Summons), which

was properly served on Bergen on June 2, 2022, is attached as Exhibit **A** to the Hur Declaration, ¶ 2.

5. The Los Angeles Superior Court set a Case Management Conference and hearing for October 5, 2022 at 1:30 pm. (Hur Decl., ¶ 3 and Exhibit **B** attached thereto.)

6. On June 30, 2022, Bergen filed its Answer. (Hur Decl., ¶ 4 and Exhibit **C** attached thereto).

7. This Notice of Removal is timely. Under 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within 30 days after service of the summons and complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*. (1999) 526 U.S. 344, 354 (the 30-day removal period runs from the service of the summons and complaint; receipt of summons and complaint is insufficient to trigger removal period). Plaintiff served the Summons and Complaint on Bergen on June 2, 2022 (Hur Decl., ¶ 2 and Exhibit **A** attached thereto). Therefore, this Notice of Removal filed on July 1, 2022, is timely under 28 U.S.C. § 1446(b).

### III. SERVICE ON THE STATE COURT

8. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record and a copy of the Notice of Removal will be filed with the Clerk of the Los Angeles County Superior Court.

### IV. DIVERSITY OF CITIZENSHIP

#### A. Complete Diversity of Citizenship Exists

9. This Notice of Removal is based on diversity jurisdiction. The diversity of citizenship statute provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States . . ." *See* 28 U.S.C. § 1332 (a).

10. "Any civil action" commenced in state court is removable if it might have

been brought originally in federal court. *See* 28 U.S.C § 1441(a). Any case that could have commenced in federal court based on diversity of citizenship can be removed from state court on this ground. *See* 28 U.S.C. § 1441(b). In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties, *i.e.*, Plaintiff and Bergen must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000.00. *See* 28 U.S.C. § 1332.

11. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Bergen pursuant to 28 U.S.C. § 1441(a) based on the existence of complete diversity of citizenship between the real parties to this action and on the fact that the amount in controversy exceeds $75,000.00, as discussed below.

12. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088, 1090; *see also, LeBlanc v. Cleveland* (2nd Cir. 2001) 248 F.3d 95, 100 (citizenship determined at the time the lawsuit is filed); *Lundquist v. Precision Valley Aviation, Inc.* (1st Cir. 1991) 946 F.2d 8, 10. A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner–Lambert Co.* (9th Cir. 2001) 265 F.3d 853, 857.

13. Here, Plaintiff alleges that she "at all times relevant to this action, resided in the County of Los Angeles, State of California", and therefore is a citizen of the State of California. (*See* Plaintiff's Complaint, ¶ 1, attached as Exhibit **A** to Hur Decl., ¶ 2).

14. For purposes of 28 U.S.C. § 1332, a corporation is deemed to be a citizen of any State where it has been incorporated and of the State where it has its "principal place of business." *See* 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend* (2010) 559 U.S. 77, 92-99, "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its 'nerve center,' which will typically be found at its corporate headquarters."

15. Here, Bergen is a New Jersey corporation, with its principal place of business at 5903 West Side Avenue, North Bergen, NJ 07047 (Declaration of Marjorie Ramos ("Ramos Decl.", ¶¶ 3 -4.) Bergen's headquarters and corporate offices are located in New Jersey. (Ramos Decl., ¶ 3.)

16. Plaintiff has named as Defendants "Crystal DOE", "Christian DOE", and DOES 1 through 25. For purposes of removal jurisdiction, the "citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441 (b).

17. Accordingly, there is complete diversity between Plaintiff, a citizen of California, and Bergen, a citizen of New Jersey.

## V. AMOUNT IN CONTROVERSY

18. This Court has jurisdiction over this case because the amount in controversy, exclusive of interests and costs, exceeds $75,000.00. 28 U.S.C. § 1332 (a).

19. Bergen's Notice of Removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens* (2014) 135 S. Ct. 547, 554 (emphasis added). Bergen need not submit evidence in support of its notice of removal. *Id*. at 553 ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court"). Even if an evidentiary showing were required, Bergen need only show by a preponderance of the evidence that the amount-in-controversy requirement has been satisfied. *Id*. at 553-54; *see also, Singer v. State Farm Mutual Auto Ins. Co.* (9th Cir. 1997) 116 F.3d 373, 377; *Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 102 F.3d 398, 404.

20. In measuring the amount in controversy, the Court must assume that the allegations in the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp.2d 993, 1001. The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint, and not how much, if anything, Bergen will actually owe. *Rippee v. Boston Market Corp.* (S.D. Cal. 2005) 408 F.Supp.2d 982,

986, citing *Scherer v. Equitable Life Assurance Soc'y of the U.S.* (2nd Cir. 2003) 347 F.3d 394, 399 (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint). The amount in controversy includes the "amount of damages in dispute, as well as attorney's fees," and the Court may consider damages awards in similar cases. *Kroske v. U.S. Bank Corp.* (9th Cir. 2005) 432 F.3d 976, 980.

21. Bergen denies the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or penalties, assuming for the sake of argument the truth of Plaintiff's allegations, it is readily apparent that Plaintiff's claims establish an amount in controversy in excess of the jurisdictional minimum of $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332, as set forth below:

22. Plaintiff alleges that she has suffered, "humiliation, serious mental anguish, and emotional and physical distress; and loss of past and future earnings and employment benefits and opportunities; all on account of which Plaintiff is entitled to compensatory damages. The exact amount and nature of such damages exceed the jurisdictional limit of this court…". *See Complaint* ¶ 31. Plaintiff also alleges, "Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of the aforementioned Defendants." *See* Complaint ¶ 39. She further alleges, "… Plaintiff is entitled to and requests reasonable attorneys' fees and all recoverable costs according to law." *See* Complaint ¶ 79. Lastly, Plaintiff alleges she is entitled to, "Compensatory and actual damages…", "…costs for suit incurred herein", "punitive and exemplary damages in an amount…", and "…pre and post judgment interest." *See Complaint* Prayer. If Plaintiff prevails on his wrongful termination and FEHA claims, she could recover the amount she would have earned up to the date of trial, including any benefits or pay increases. *See* Judicial Council of California, Civil Jury Instructions ("CACI") Nos. 350 *et seq.*, 2433 (2011); *Wise v. Southern Pac. Co.* (1970) 1 Cal.3d 600, 607. Plaintiff would

1  also be entitled to front pay, awarded for lost compensation during the period between
2  judgment and reinstatement, or in lieu of reinstatement. *Pollard v. E.I. du Pont de Nemours*
3  *& Co.* (2001) 532 U.S. 843, 848. California decisions from the Fair Employment and
4  Housing Commission generally limit damages for purported future pay losses to one (1) to
5  two (2) years. *Department of Fair Emp't & Housing v. Smitty's Coffee Shop, FEHC* (1984)
6  Precedent Decision No. 84-25 (expressly adopting federal court view that front pay should
7  be limited and recommending "fixed period" such as a year or two).

8      23.    Bergen terminated Plaintiff on August 1, 2021 (Ramos Decl., ¶ 6.) At the time
9  of her lay-off, Plaintiff's hourly pay rate was $13.20 (or an approximate weekly salary of
10 $532.00 and an annual salary of $25,536). (Ramos Decl., ¶ 8.) Thus, conservatively (not
11 including the value of bonuses, benefits, or overtime, if applicable), if Plaintiff were to
12 recover back pay since her termination (August 2020) through the date of trial (assuming
13 the case proceeds to trial in August 2023), she could receive a total of approximately
14 **$80,864.00** weeks of lost wages. Furthermore, conservatively assuming that Plaintiff
15 receives one year (or 52 weeks) of front pay, the front pay will amount to **$27,664.00**.

16     24.    Plaintiff also claims Plaintiff has suffered, "…embarrassment, anxiety,
17 humiliation, serious mental anguish, and emotion and physical distress." *See Complaint* ¶
18 94. Emotional distress damages further augment the foregoing amounts and demonstrate
19 that the jurisdictional prerequisite for removal of this action is met. *See Gibson v. Chrysler*
20 *Corp.* (9th Cir. 2001) 261 F.3d 927, 945 (9th Cir. 2001) (holding that emotional distress
21 damages are included in determining amount in controversy); *see also, Velez v. Roche*
22 (N.D. Cal. 2004) 335 F.Supp.2d 1022, 1038-40 (surveying discrimination and harassment
23 cases awarding emotional distress damages and concluding that "substantial jury awards
24 of hundreds of thousands of dollars for non-economic damages have been upheld where
25 there is evidence . . . that the plaintiff suffered heightened mental anguish").

26     25.    In *Kroske*, the Ninth Circuit upheld the lower court's finding that "emotional
27 distress damages would add at least an additional $25,000 to his claim" where the plaintiff
28 had $55,000.00 in lost wages, thus satisfying the amount in controversy requirement "even

without including a potential award of attorney's fees." *Kroske,* 432 F.3d at 980. A similar result is compelled here, as Plaintiff expressly seeks damages for emotional distress. Based on *Kroske*, the emotional distress component of Plaintiff's claims could, very conservatively, add at least **$25,000.00** to the amount in controversy.

26. Plaintiff's Complaint also seeks attorneys' fees. *See* Prayer. It is well-settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages as well as attorneys' fees. *See, e.g.*, *Lowdermilk v. U.S. Bank Nat'l Assoc.* (9th Cir. 2005) 479 F.3d 994, 1000; *Kroske,* 432 F.3d at 980; *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-1156 (attorneys' fees may be taken into account to determine jurisdictional amounts). Any estimate of attorneys' fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Fritsch v. Swift Transportation Co. of Arizona*, LLC (9th Cir. 2018) 899 F.3d 785, 795-96.

27. At an assumed rate of $400.00 per hour, Plaintiff's counsel would need to spend only 180 hours of attorney time (a conservative estimate of time spent through trial) to incur **$75,000.00** in reasonable attorney's fees (180 x $400.00 = $72,000.00). Moreover, attorneys' fees awards in employment matters often exceed $75,000.00. *See, e.g. Wysinger v. Auto. Club of S. Cal.* (2007) 157 Cal. App. 4th 413, 430-31 (upholding attorneys' fee award of $978,791.00 for discrimination/retaliation case that went to trial).

28. As discussed above, Plaintiff's claims for lost wages, lost benefits, damages for emotional distress, attorneys' fees conservatively total **$208,528** easily satisfying the $75,000.00 threshold.

## VI.  NO ADMISSION

29. Bergen does not concede in any way that the allegations in the Complaint or any other pleading discussed above are accurate, nor does it concede that Plaintiff is entitled to any compensatory or statutory damages, injunctive relief, restitution, civil penalties, punitive damages, attorneys' fees, or any other relief.

30. The undersigned counsel for Bergen has read the foregoing and signs the

Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

**VII. CONCLUSION AND REQUESTED RELIEF**

31. For the reasons described above, Plaintiff's claims are properly removable under 28 U.S.C. § 1441(a) and (b). Accordingly, Bergen respectfully requests that this Court proceed with this matter as if it had been originally filed herein.

Respectfully submitted,

Dated: July 1, 2022         JACKSON LEWIS P.C.

By: /s/ Janet Hur

Leonora M. Schloss
Janet J. Hur

Attorneys for Defendant
BERGEN, INC.

4864-6948-4583, v. 1