1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

GEORGINA SAGRERO,

                                Plaintiff,

        v.

BERGEN SHIPPERS CORP., et al,

                                Defendants.

Case No. 2:22-cv-04535-SPG-RAO

**ORDER GRANTING PLAINTIFF'S MOTIONS FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND REMAND [ECF NOS. 13, 14]**

        Before the Court are Plaintiff's motions for leave to file a first amended complaint and to remand.  (ECF Nos. 13, 14).  Defendant Bergen Shippers Corporation opposes the motions.  (ECF Nos. 18, 19).  The Court has read and considered the matters raised with respect to the motions and concluded that this matter is suitable for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby GRANTS Plaintiff's motions.   For the reasons discussed below, diversity jurisdiction will be destroyed upon joinder of the proposed individual defendants, requiring remand to the Superior Court of California for the County of Los Angeles once Plaintiff files the amended complaint.

## I.      BACKGROUND

On June 1, 2022, Plaintiff Georgina Sagrero filed a complaint in Los Angeles County Superior Court against Defendants Bergen Shippers Corp. ("Defendant"), Crystal Doe, Christian Doe, and Does 1-25.  According to Plaintiff's complaint, she was hired on or about April 19, 2019, to work as a product scanner for Defendant.  (ECF No. 5 at 7 ("Compl.") ¶ 13).    Plaintiff alleges she was subjected to sexual harassment and discrimination, including having been sexually groped and retaliated against because of her physical disability.  (*Id.* ¶¶ 14, 15, 19, 20).  Plaintiff brings the following twelve causes of action: (1) disability discrimination and harassment; (2) sexual harassment; (3) failure to prevent discrimination and harassment; (4) failure to correct and remedy discrimination and harassment; (5) retaliation for complaints of discrimination and harassment; (6) failure to accommodate disability; (7) failure to engage in the interactive process of accommodation; (8) hostile working environment; (9) violation of whistle-blowing law; (10) wrongful termination; (11) intentional infliction of emotional distress; and (12) negligent infliction of emotional distress.  (*Id.* ¶¶ 27-98).

Defendant filed its answer on June 30, 2022, and removed the case to this Court on July 1, 2022, based on diversity jurisdiction.  (ECF Nos. 1, 5).  On August 22, 2022, Plaintiff filed a motion for leave to file a first amended complaint and a motion to remand to state court.  (ECF Nos. 13, 14).  Plaintiff seeks to add Christ C. Sandoval Vega ("Vega") and Krystal Brewster ("Brewster") as defendants in lieu of Crystal Doe and Christian Doe, and to add causes of action for sexual battery and gender violence and sexual assault against Vega.  (ECF No. 14 at 3).  Plaintiff also seeks to add an allegation that Brewster bullied and harassed Plaintiff by threatening negative employment consequences if she refused to perform her job without accommodation.  (ECF No. 14-1 at 3).  Defendant opposed both motions, (ECF Nos. 18, 19), and Plaintiff replied.  (ECF Nos. 22, 23).[1]

---

[1] On September 22, 2022, Defendant filed a sur-reply without leave from the Court in violation of Local Rule 7-10.  (ECF No. 25).  Local Rule 7-10 prohibits a non-moving party from filing a response to a reply "absent prior written order of the Court."  Further,

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend "shall be freely given when justice so requires." The Ninth Circuit mandates that the rule be applied with "extreme liberality." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991). However, Rule 15(a) "does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant." *Krantz v. Bloomberg L.P.*, No. 2:21-CV-06275-AB (RAOx), 2022 WL 2101913, at *2 (C.D. Cal. Feb. 3, 2022) (internal citation omitted). Instead, a proposed amendment to add a diversity-destroying defendant is governed by 28 U.S.C. § 1447(e), which states: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). *See also Percival v. Staples, Inc.*, No. 5:21-cv-01962-AB (SHKx), 2022 WL 2235811, at *2 (C.D. Cal. May 3, 2022); *Doe v. Rose*, No. CV-15-07503-MWF-JC, 2016 WL 81471, at *3 (C.D. Cal. Jan. 7, 2016) ("Although motions to amend a pleading are generally analyzed under [Rule] 15, where, as here, the plaintiff seeks to add a non-diverse defendant after removal, amendment is governed by [the section 1447] standards.").

Whether to permit joinder of a party that will destroy diversity remains in the sound discretion of the district court. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998); *Walker v. Glob. Mail, Inc.*, No. CV 21-6546-DMG (SHKx), 2021 WL 4594024,

---

"'[a]lthough the Court may in its discretion allow the filing of a surreply, this discretion should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.'" *Graham v. Swift*, No. CV-20-7000-MWF (GJSx), 2021 WL 667499, at *2 (C.D. Cal. Jan. 12, 2021) (quoting *Hill v. England*, No. CVF 05-869 REC (TAG), 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005)) (internal citation omitted). Defendant did not seek leave of the Court prior to filing its sur-reply. In addition, the sur-reply does not address arguments raised by Plaintiff for the first time in her reply brief or arguments that otherwise could not have been raised earlier. Therefore, the Court will not consider Defendant's sur-reply and will deem ECF Nos. 18 and 19 to be Defendant's sole oppositions.

at *2 (C.D. Cal. Oct. 6, 2021) ("District courts have broad discretion in considering whether to permit a plaintiff to join a non-diverse party under section 1447(e)."). In exercising this broad discretion, courts typically consider six factors: (1) whether the new defendants should be joined under Federal Rule of Civil Procedure 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff. *See Calderon v. Lowe's Home Ctrs., LLC*, No. 2:15-CV-01140-ODW-AGR, 2015 WL 3889289, *3 (C.D. Cal. June 24, 2015) (citing *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (C.D. Cal. 2000)). "A court need not consider all the issues, as any factor can be decisive, and no one of them is a necessary condition for joinder." *Negrete v. Meadowbrook Meat Co.*, No. ED CV 11–1861 DOC (DTBx), 2012 WL 254039 at *3 (C.D. Cal. Jan. 25, 2012). Moreover, the "defendant bears the burden of establishing that removal is proper," and any doubt as to removability is resolved in favor of remand. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III.   DISCUSSION

The parties do not dispute that Plaintiff, Brewster, and Vega are citizens of the same state, California, and that adding either Brewster or Vega as defendants would destroy diversity jurisdiction under 28 U.S.C. § 1332.[2]  Accordingly, the Court must consider whether joinder is proper under the section 1447(e) factors enumerated above.

### A.   Necessary Parties Under Rule 19(a)

A "necessary party" under Federal Rule of Civil Procedure 19 has "an interest in the controversy," and should be made a party so that "the court may act on that rule which

---

[2] To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." *See CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991) (citation omitted).   While courts consider the standard set forth in Rule 19 to determine whether to permit joinder under section 1447(e), "amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule 19]." *Krantz*, 2022 WL 21019133, at *4 (internal quotations omitted).   The standard for joinder under section 1447(e) "is met when failure to join will lead to separate and redundant actions." *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011–12 (N.D. Cal. 2000) (citing *CP Nat'l*, 928 F.3d at 910).   In contrast, the joinder of non-diverse defendants is not necessary "where those defendants are only tangentially related to the cause of action or would not prevent complete relief." *Id*. at 1012.

Defendant argues that Plaintiff makes no factual allegations against Brewster; "[i]t is as if Plaintiff at random picked a co-worker's name out of thin air to name in the complaint." (ECF No. 18 at 4).   However, the proposed amended complaint alleges that Brewster "bullied and harassed Plaintiff because of her disability.   Specifically, [Brewster] would threaten Plaintiff not to file a worker's compensation claim by saying that if you don't perform your regular duties without accommodation then you will have a negative impact on your file and will be terminated." (ECF No. 14-1 at 21 ¶ 69).   Plaintiff also alleges that Brewster began "delegating more duties to Plaintiff after she requested accommodations saying 'if you can't complete your tasks, we don't' have work for you anymore.'" (*Id.*).   Contrary to Defendant's assertion, based on Plaintiff's proposed allegations, Brewster shares more than a mere tangential relationship with Plaintiff's claims against Defendant.

As for Plaintiff's allegations against Vega, Defendant argues that because the allegations relate to Vega's conduct while working as Defendant's employee, Defendant would be strictly liable for any harassment or discrimination and therefore complete relief can be had without adding Vega. (*Id.*).   However, the fact that Defendant may be held

strictly liable for Vega's conduct does not afford Plaintiff complete relief where she may still seek redress from Vega and Brewster individually. *See Liepmann v. Camden Co.*, No. CV 19-7348-DMG (EX), 2019 WL 5420281, at *2 (C.D. Cal. Oct. 22, 2019) ("[L]ong-settled California law provides that '[i]f a tortious act has been committed by an agent acting under authority of his principal, the fact that the principal thus becomes liable does not of course exonerate the agent from liability.'" (quoting *Perkins v. Blauth*, 127 P. 50, 52 (Cal. 1912)). Accordingly, not allowing Plaintiff to join Brewster and Vega would likely lead to separate and redundant actions. This factor therefore weighs in favor of joinder. *See Swain v. Enter. Bank & Tr.*, No. CV 21-8728-MWF (EX), 2022 WL 252005, at *3 (C.D. Cal. Jan. 25, 2022).

### B.    Statute of Limitations

The Court next considers whether the statute of limitations would prevent the filing of a new action against the new defendants should the Court deny joinder. Plaintiff has indicated that the statute of limitations on her claim against Vega has not expired. (ECF No. 13 at 5). This factor therefore weighs against joinder. *See Sandhu v. Volvo Cars of N. Am., LLC*, No. 16-cv-04987-BLF, 2017 WL 403495, at *3 (N.D. Cal. Jan. 31, 2017) ("If a plaintiff could file an action against the joined defendant in state court, then there is less reason to join them in this action.").

### C.    Timeliness of Seeking Leave

When determining whether to allow amendment to add a non-diverse party, "courts consider whether the amendment was attempted in a timely fashion." *Id.* (citation omitted). Plaintiff filed a motion for leave to amend the complaint only two months after commencing this action in state court. This case is still in the early stages of litigation; discovery has not yet begun. Further, Plaintiff's explanation for her delay is sufficiently persuasive. Plaintiff claims that she "just recently found out the correct names" of the defendants and that she could not discover them sooner because Vega had provided incorrect contact information to Defendant's human resource department. (ECF No. 22 at 3-4). Thus, given the proximity in time to Plaintiff's commencement of this case along

with Plaintiff's apparent good faith attempt to ascertain Brewster and Vega's contact information, the Court concludes that Plaintiff did not unreasonably delay seeking amendment after the matter was removed to federal court. This factor therefore weighs in favor of amendment.

### D. Intent to Seek Joinder

Defendant argues that Vega and Brewster are fraudulently joined sham defendants. (ECF No. 19 at 4). The burden of proving fraudulent joinder is a heavy one. "[T]here is a general presumption against fraudulent joinder," but it will be found if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (quotation omitted). The removing party must prove there is "no possibility that the plaintiff could prevail on any cause of action it asserted against the non-diverse defendant." *Gonzalez v. J.S. Paluch Co*., No. 12-08696-DDP (FMOx), 2013 WL 100210, at *4 (C.D. Cal. 2013). Merely a "glimmer of hope" that plaintiff can sustain a claim is enough to prevent application of the fraudulent joinder doctrine. *Id.* "In determining whether a defendant was fraudulently joined, the Court need only make a summary assessment of whether there is any possibility that the plaintiff can state a claim against the defendant." *Marin v. FCA US LLC*, No. 2:21-CV-04067-AB-PDX, 2021 WL 5232652, at *3 (C.D. Cal. Nov. 9, 2021).

Here, Defendant contends that "Plaintiff cannot establish that Vega actually touched Plaintiff with the intent to harm her," that it is "reasonable to assume" Vega mistakenly touched Plaintiff's breast, and that, "[a]t most, Plaintiff is trying to claim sexual battery based on an unwanted hug." (ECF No. 19 at 5). Defendant also argues that Plaintiff alleges "nothing" against Brewster. (*Id.*). The Court disagrees; Defendant has not met its heavy burden to establish there is no possibility Plaintiff can succeed in her claims at least against Vega. Based on the Court's summary assessment of the pleadings, there is at minimum a glimmer of hope Plaintiff's allegation that Vega groped her breast is sufficient to state a

claim of gender violence and sexual assault.  Accordingly, Defendant has not demonstrated fraudulent joinder and, consequently, this factor weighs in favor of amendment.

Defendant also argues "there can be no doubt that joinder here was motivated solely to avoid federal jurisdiction." (ECF Nos. 18 at 5).  However, the facts do not suggest that Plaintiff is acting with the sole motive of defeating diversity jurisdiction.  Plaintiff promptly attempted to join the non-diverse individual defendants once she discovered their true identities, and the original complaint demonstrates Plaintiff's intent to include Vega and Brewster as individual defendants from the beginning.  And even if Plaintiff already knew their identities, there is insufficient evidence to suggest that defeating federal jurisdiction was her sole motive.  *See Swain*, 2022 WL 252005, at *4 (granting leave to amend even though the plaintiff "already knew the identifies of the individual defendants" because the defendants were "alleged to be central to some of [plaintiff's] proposed claims").[3]

### E.     Apparent Validity of Claims Against New Defendants

The existence of a facially valid claim against the putative defendant weighs in favor of permitting joinder under section 1447(e).  A claim is facially valid if it "'seems valid,' which is a lower standard than what is required to survive a motion to dismiss or motion for summary judgment." *Prudenciano Flores v. Nissan N. Am., Inc.*, No. CV 21-09411-

---

[3] Defendant argues that the Court should disregard Brewster and Vega's citizenship because Plaintiff has yet to serve them with federal process.  That is not the law.  To the contrary, "case law is clear that a defendant who is a citizen of plaintiff's state destroys complete diversity, *regardless of whether that defendant was properly served prior to removal.*" *Jennings–Frye v. NYK Logistics Americas Inc.*, No. 2:10–CV–09737–JHN–EX, 2011 WL 642653, at *4 (C.D. Cal. Feb. 11, 2011) (emphasis added).  *See Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939) ("[T]he fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant. . . . there is no diversity of citizenship, and the controversy being a nonseparable one, the non-resident defendant should not be permitted to seize an opportunity to remove the cause before service upon the resident co-defendant is effected."); *Liepmann*, 2019 WL 5420281, at *3 (finding it "immaterial" that plaintiff had not served the non-diverse defendant before removal to the federal district court).

RSWL-PDx, 2022 WL 1469424, at *4 (C.D. Cal. May 9, 2022) (citation omitted). Indeed, "the claim need not be plausible nor stated with particularity" for purposes of joinder under section 1447. *See Found. Bldg. Materials, LLC v. Action Gypsum Supply*, No. SACV 21-01804-CJC(KESx), 2022 WL 705337, at *4 (C.D. Cal. Mar. 8, 2022) (quotation omitted). As explained *supra*, Plaintiff's allegations against Vega appear to establish, at minimum, a facially legitimate claim for gender violence and sexual assault. Accordingly, this factor weighs in favor of amendment.

## F. Prejudice to Plaintiff

Where claims against parties sought to be joined in an action "arise out of the same factual circumstances," it is in the economic benefit of all parties and the judicial system to "have the entire controversy adjudicated only once," and to force the plaintiff to "proceed with expensive litigation in state court against [the putative defendant] would create avoidable prejudice." *Avellanet v. FCA US LLC*, No. CV 19-7621-JFW(KSX), 2019 WL 5448199, at *4 (C.D. Cal. Oct. 24, 2019). Therefore, the final factor weighs in favor of joinder because, without leave to amend her complaint, Plaintiff would be required to pursue two substantially similar lawsuits in two different forums—an action against Defendant here and an action against Brewster and Vega in California state court.

In sum, having considered the relevant section 1447(e) factors, the Court finds the factors weigh in favor of amendment.

//
//
//
//

**IV.    CONCLUSION**

For the reasons set forth above, the Court GRANTS Plaintiff's Motion for Leave to File its First Amended Complaint.  Plaintiff must file the amended complaint within **five** (5) days of issuance of this Order.  Once the amended complaint is filed, the addition of Brewster and Vega will destroy complete diversity and eliminate the Court's jurisdiction over this case.  Therefore, upon filing of Plaintiff's amended complaint, the Court will remand the action to the Superior Court of California for the County of Los Angeles.

**IT IS SO ORDERED.**

DATED:  September 23, 2022

_____
HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE